UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO ALVARADO, on behalf of himself and all other similarly situated persons, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> LOS POTRILLOS FOOD MARKET LLC, ARMANDO MIRAMONTES, individually, and ROGELIO MIRAMONTES, individually, <br><br> Defendants. | |

## COMPLAINT AT LAW

Plaintiff, Mario Alvarado, on behalf of himself and all other similarly situated persons, known and unknown (the "Plaintiff Class"), by and through their attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendants Los Potrillos Food Market LLC ("Los Potrillos" or "Company"), Armando Miramontes ("Armando"), individually, and Rogelio Miramontes ("Rogelio"), individually, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Defendants violated the FLSA by failing to pay Plaintiff and putative members of the Plaintiff Class one and one-half times their regular rate of pay ("overtime") for hours worked in excess of forty (40) per workweek.

2. Plaintiff also brings an individual claim under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay for all time worked and failure to pay overtime wages as described in Paragraph 1.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant Los Potrillos's facilities located in Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

1. Plaintiff, Mario Alvarado ("Plaintiff" or "Mr. Alvarado"), resides in Chicago, Illinois and was formerly employed by Defendants as a butcher from on or about May 2013 through on or about May 2015.

2. The Plaintiff Class that Mr. Alvarado seeks to represent is comprised of similarly situated current and former employees of the Defendants who were not paid overtime wages for hours worked in excess of forty (40) in one workweek, in violation of the FLSA.

3. During the statutory period, Mr. Alvarado and the putative members of the Plaintiff Class were employed by Defendants as "employees" as defined by the FLSA.

4. During the statutory period, Mr. Alvarado was employed by Defendants as an "employee" as defined by the IMWL.

5. During the course of their employment, Mr. Alvarado and the putative members of the Plaintiff Class were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

6. During the course of his employment, Mr. Alvarado was not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a.

7. Defendant Los Potrillos is an Illinois corporation engaged in the grocery business. Los Potrillos is located at 3624 West Belmont Avenue, Chicago, Illinois 60618.

8. Defendant Armando Miramontes is the owner and/or president of Los Potrillos. During the relevant time period, Defendant Armando Miramontes had the authority to, and did, hire and fire employees of Los Potrillos; direct and supervise the work of Los Potrillos employees; sign on Los Potrillos's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for Los Potrillos.

9. Defendant Rogelio Miramontes is the owner and/or president of Los Potrillos. During the relevant time period, Defendant Rogelio Miramontes had the authority to, and did, hire and fire employees of Los Potrillos; direct and supervise the work of Los Potrillos employees; sign on Los Potrillos's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for Los Potrillos.

## FACTUAL ALLEGATIONS

10. Plaintiff was formerly employed by Defendants as a butcher from on or about May 2013 through on or about May 2015.

11. Defendants paid Mr. Alvarado at a rate of $9.00 per hour.

12. Defendants regularly split Mr. Alvarado's pay between a paycheck and cash.

13. Defendants issued a paycheck to Plaintiff for the first forty (40) hours he worked any given workweek.

14. Defendants paid Mr. Alvarado for all remaining hours worked per week in cash at his regular hourly rate of pay.

15. Defendants did not pay Mr. Alvarado at the rate of one and one-half times his regular hourly rate at any time during his employment.

16. Upon information and belief, Defendants compensated the putative members of the Plaintiff Class in a manner that is the same or similar to the compensation practices described above.

17. Plaintiff and other members of the Plaintiff Class regularly worked in excess of forty (40) hours per week.

18. Plaintiff and the members of the Plaintiff Class entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

19. Defendants failed to compensate Plaintiff and members of the Plaintiff Class at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

20. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiff and members of the Plaintiff Class accordingly.

21. Defendants acted in bad faith in failing to properly compensate Mr. Alvarado and members of the Plaintiff class for the work they performed.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
**(Collective Action Against All Defendants)**

22. Plaintiff restates and incorporates Paragraphs 1 through 21 as though fully set forth herein.

23. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff and all putative members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

24. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff has attached as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action

under the Fair Labor Standards Act. An English translation of the Notice in Exhibit A is attached as Exhibit B. <u>See</u> Affidavit of Mariela Cano, attached as Exhibit C.

25. Plaintiff and other similarly situated employees who are putative members of the Plaintiff Class were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

26. Defendants failed to pay Plaintiff and putative members of the Plaintiff Class at the overtime rate for all hours worked over forty (40) in a workweek.

27. All past and present butchers and other grocery store workers, including Plaintiff, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied overtime compensation as required by the FLSA.

28. Defendants' failure to pay compensation to Plaintiff and putative members of the Plaintiff Class at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

29. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiff and putative members of the Plaintiff Class worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Mario Alvarado, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

    a)     Conditionally certifying this action to proceed as an opt-in collection action under 29 U.S.C. § 216(b);

b) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME
### (On Behalf of Named Plaintiff Only, Against All Defendants)

30. Plaintiff restates and incorporates Paragraphs 1 through 21 as though fully set forth herein.

31. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

32. At all times relevant, Defendants have been "employers" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

33. At all times relevant, Mr. Alvarado was employed by Defendants as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

34. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

35. Plaintiff regularly worked in excess of forty (40) hours per workweek.

36. Defendants violated the IMWL by failing to compensate Mr. Alvarado at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

37. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Mr. Alvarado is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Mario Alvarado respectfully requests that this Court enter an order as follows:

    a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

    b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

    c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: July 2, 2015                                            Respectfully submitted,

Alejandro Caffarelli, #06239078             MARIO ALVARADO, on behalf of
Alexis D. Martin, #06309619                himself and all other similarly situated
Caffarelli & Associates Ltd.                   persons, known and unknown,
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880                              By: /s/ Alejandro Caffarelli
                                                            Attorney for Plaintiff